Lauriat, Peter M., J.
William McLaughlin (“McLaughlin”) brought this action against J-PAC, LLC (“J-PAC”), his former employer, JPDM Holdings, LLC (“JPDM Holdings”), with which he is involved as an investor and lender, and JPDM, LLC. McLaughlin alleges that he was terminated without cause from his position as Chief Executive Officer of J-PAC. He has sued to enforce his Employment Agreement and rights that he asserts he holds as an investor in and lender to JPDM Holdings. The defendants have now moved to dismiss six counts of the Amended Complaint for failure to state a claim upon which relief may be granted. For the following reasons, the defendants’ motion is allowed in part and denied in part.
BACKGROUND
The following facts are drawn from the Amended Complaint and taken as true for purposes of this motion. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 625 n.7 (2008). McLaughlin is the former Chief Executive Officer (“CEO”) of J-PAC. On JanuaRy 4, 2007, McLaughlin and JPDM Holdings entered into an Equity Units and Assets Purchasing Agreement (“Purchasing Agreement”). Under the Purchasing Agreement, McLaughlin contributed $2,000,000 in units of J-PAC in exchange for 2,000,000 common units of JPDM Holdings, with an initial capital account of $2,000,000. McLaughlin also received a Subordinated Promissory Note (“Promissory Note”) from JPDM Holdings in the amount of $666,667. The principal of that Promissory Note remains unpaid.
On or about July 31, 2008, McLaughlin was terminated without cause from his position as CEO. Under *296 an Employment Agreement he had entered into with J-PAC, McLaughlin was entitled to severance in the form of twelve months’ payment of (1) his base salary as of the date of termination, and (2) J-PAC’s share of his medical and dental insurance premiums, pursuant to company benefit plans. The defendants have not paid McLaughlin’s base salary as required, and since December 1, 2008, they have refused to pay his insurance premiums. The defendants refuse to comply with the severance provision unless McLaughlin provides a general release of any and all claims that he may have under the Employment Agreement and as an investor in, and lender to, JPDM Holdings. McLaughlin is willing to provide a general release in connection with his employment by J-PAC, but he is unwilling to release potential claims stemming from his relationships with JPDM Holdings.
On August 21, 2008, approximately three weeks after McLaughlin’s termination, JPDM, LLC was created for the purpose of being the transferee of JPDM Holdings’ assets. Thereafter, all of JPDM Holdings’ assets were transferred to JPDM, LLC. McLaughlin did not consent to this transfer of assets.
DISCUSSION
The defendants have now moved to dismiss Counts III, IV, VI, VII, VIII, and IX of the amended complaint for their failure to state a claim upon which relief may be granted. See Mass.R.Civ.P. 12(b)(6). Counts III and IV are against only JPDM Holdings and JPDM, LLC, and Counts VI through IX are against all three defendants. “While a complaint attacked by a motion to dismiss does not need detailed factual allegations . . . a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Under this heightened standard, the plaintiff must make factual allegations that possess enough heft to show that the he or she is entitled to relief. Id.
A.Aiding and Abetting, and Procuring, Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III)
In Count II, which is not the subject of the present motion, McLaughlin alleges that J-PAC breached the implied covenant of good faith and fair dealing by refusing to comply with the severance provision unless he provided a general release of all potential claims against it and JPDM Holdings. In Count III, McLaughlin alleges that JPDM Holdings and JPDM, LLC aided, abetted and procured J-PAC’s breach of the implied covenant by “causing, authorizing, and directing” J-PAC to make that ultimatum. He alleges that the defendants hoped to avoid payment on the severance provision and the Promissory Note, and to force McLaughlin to forfeit his equity interest in JPDM Holdings.
“Civil claims for aiding and abetting . . . are a form of civil conspiracy, and therefore require an underlying tort by a third party.” Whalen v. Commonwealth, 2006 Mass.Super. LEXIS 293, *7 n.8 (Mass.Super. 2006) [21 Mass. L. Rptr. 193), citing Norman v. Brown, Todd & Heyburn, 693 F.Sup. 1259, 1264 (D.Mass. 1988) (“Aiding and abetting is one variation of joint tort liability”). For the reasons set forth infra regarding Count VI, the defendants’ motion to dismiss is allowed as to Count III.
B.Aiding and Abetting, and Procuring, Breach of Contract (Count IV)
McLaughlin alleges that JPDM Holdings and JPDM, LLC aided, abetted and procured J-PAC’s breach of the Employment Agreement’s severance provision. As noted regarding Count III, supra, civil claims for aiding and abetting are a form of civil conspiracy. Whalen, 2006 Mass.Super. LEXIS at *7 n.8. For the reasons set forth infra regarding Count VI, the defendants’ motion to dismiss is allowed as to Count IV.
C.Civil Conspiracy (Count VI)
McLaughlin alleges that the defendants conspired and acted jointly to refuse to comply with the Employment Agreement’s severance provision, to demand that McLaughlin forfeit his rights with respect to JPDM Holdings, and to avoid liability on the Promissory Note. The defendants argue that Counts III, IV, and VI must be dismissed because McLaughlin fails to allege an underlying tort, which is a required element of civil conspiracy.
Massachusetts courts recognize two different theories of civil conspiracy. First, there is a “very limited cause of action” for a coercive type of civil conspiracy. Aetna Cas. Sur. Co. v. P&B Autobody, 43 F.3d 1546, 1563 (1st Cir. 1994). To state a claim for civil conspiracy by coercion, a “plaintiff must allege that defendants, acting in unison, had some peculiar power of coercion over plaintiff that they would not have had if they had been acting independently.” Id. (internal quotations omitted); see also Kurker v. Hill, 44 Mass.App.Ct. 184, 188 (1998). McLaughlin has not alleged that the defendants held unique coercive power over him, so he cannot succeed under this theory.
“Th[e] second type of civil conspiracy is more akin to a theory of common law joint liability in tort.” Aetna Cas. Sur. Co., 43 F.3d at 1564. This form of civil conspiracy requires “a common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance of the agreement.” Id., see, e.g., Kurker, 44 Mass.App.Ct. at 189-90 (holding plaintiffs stated a claim for civil conspiracy based on underlying tort of breach of fiduciary duty). In this case, McLaughlin’s allegations of conspiracy *297 hinge on breach of contract. He does not ascribe any tortious conduct to the defendants, so his claim for civil conspiracy cannot survive.[1] For these reasons, the defendants’ motion to dismiss is allowed as to Count VI.
D.Chapter 93A (Count VII)
McLaughlin alleges that the defendants refused to comply with the severance provision unless he provided a general release to both J-PAC and JPDM Holdings, and forfeited his rights as an investor in, and lender to, JPDM Holdings. If shown to be true, this would amount to unfair and deceptive conduct in violation of G.L.c. 93A, §2. The defendants argue that the dispute in this case is, at bottom, a simple contract dispute, so there can be no c. 93A violation. See Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754 F.2d 10, 18 (1st Cir. 1985) (“Mere breaches of contract, without more, do not violate Chapter 93A”).
The court need not address the defendants’ argument at this stage in the proceedings because it has already ruled on this issue. Prior to the filing of the Amended Complaint, the court (Hinkle, J.) denied the defendants’ motion to dismiss the original Complaint, “particularly in light of the filing of the (A)mended [C]omplaint and the nature of the allegations regarding [c.] 93A, [which] are sufficient to withstand a motion to dismiss.” As the allegations in Count VII are substantially identical[2] to those in McLaughlin’s original c. 93A claim, the defendants’ motion to dismiss Count VII is denied.
E.Fraud (Count VIII)
McLaughlin alleges that JPDM, LLC was created soon after his termination, for the purpose of transferring JPDM Holdings’ assets to it; that this transfer was completed; and that the transfer was fraudulent given his role as an investor in, and lender to, JPDM Holdings. The defendants argue that even if McLaughlin pled fraud with sufficient particularity, see Mass.R.Civ.P. 9(b), which they dispute, he still cannot succeed because he has failed to state a claim for common-law fraud.
Two types of common-law fraud are recognized in Massachusetts. The first is fraud based on coercion or undue influence, which is commonly seen in will contests. See, e.g., Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 464 (1997) (stating the elements of fraud based on undue influence). The second is fraud based on deceit, which requires the plaintiff to show that the defendant “made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [his] damage.” Totalizing Sys. v. PepsiCo, Inc., 29 Mass.App.Ct. 424, 431 (1990). McLaughlin’s allegations do not support a claim for either type of fraud. See Iannacchino, 451 Mass. at 636 (holding that “a plaintiffs obligation to provide the grounds of his entitlement] to relief requires more than labels and conclusions”) (internal quotations omitted).
McLaughlin attempts to argue that he has sufficiently alleged a claim for breach of the demanding fiduciary duty associated with close corporations. See Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 593-94 (1975). This fiduciary duty argument is inapplicable to the allegations contained in Count VIII, and appears to be a tacit admission that he has not made out a claim for fraud. For these reasons, the defendants’ motion to dismiss Count VIII is allowed.
F.Chapter 109A (Count IX)
Finally, McLaughlin alleges that the defendants violated the Uniform Fraudulent Transfer Act, G.L.c. 109A, §§5-6, by transferring JPDM Holdings’ assets to JPDM, LLC without consideration. The defendants argue that because McLaughlin failed to allege violations of specific elements of c. 109A, §§5-6, his allegations do not satisfy the particularity requirements of Mass.RCiv.P. 9(b).
Chapter 109A, §2 defines “transfer” as “every mode ... of disposing of or parting with an asset or an interest of an asset.” Under c. 109A, §5, “[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation ... (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation . . .” G.L.c. 109A, §§5(a), 5(a)(2). McLaughlin alleges that after he became JPDM Holdings’ creditor on the Promissory Note, defendants transferred JPDM Holdings’ assets to JPDM, LLC for no consideration. As such, he has alleged all elements sufficient to state a claim under G.L.c. 109A, §5 against JPDM Holdings and JPDM, LLC.
Chapter 109A, §6 provides a cause of action for a creditor with an obligation that arose before a transfer, “if the debtor made the transfer .. . without receiving a reasonably equivalent value in exchange for the transfer . . . and . . . the debtor became insolvent as a result of the transfer . . ." G.L.c. 109A, §6(a). McLaughlin became a creditor when he took the Promissory Note from JPDM Holdings. He alleges that JPDM Holdings transferred all of its assets to JPDM, LLC for no consideration and was left without any assets. He has stated a claim under G.L.c. 109A, §6 against JPDM Holdings and JPDM, LLC. McLaughlin has not alleged any conduct on the part of J-PAC that would allow a c. 109A claim to proceed against it. For these reasons, JPDM Holdings and JPDM, LLC’s motions to dismiss Count IX are denied, and J-PAC’s motion to dismiss that claim is allowed.
*298 ORDER
For the foregoing reasons, the Partial Motion of Defendants, J-PAC, LLC, JPDM Holdings, LLC, and JPDM, LLC, to Dismiss the Amended Complaint is ALLOWED in part and DENIED in part. Defendant J-PAC, LLC’s motion is ALLOWED as to Counts VI, VIII, and IX, and DENIED as to Count VII. Defendants JPDM Holdings, LLC, and JPDM, LLC’s motions are ALLOWED as to Counts III, IV, VI, and VIII, and DENIED as to Counts VII and IX.

McLaughlin contends that the second form of civil conspiracy need not involve a tort. He argues as much by selectively quoting cases that allege a breach of fiduciary duty, which is a tort. Ray-Tek Servs. v. Parker, 64 Mass.App.Ct. 165, 177 (2005). This argument betrays an effort to mislead the court and cannot succeed.

Any slight differences between the Complaint and Amended Complaint merely reflect changes regarding McLaughlin’s other claims and do not bear on the substance of McLaughlin’s c. 93A claim.